IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TERRY ALAN MCCLURE, #70442, | ) Civil Action No. 3:07-902-GRA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SHERIFF J. AL CANNON; AND | ) |
| MITCH LUCAS, WARDEN, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |
| | ) |

Plaintiff filed this action, pro se, on April 4, 2007.[1]  At the time of the alleged events, Plaintiff was a pre-trial detainee at the Charleston County Detention Center ("CCDC").  He is currently incarcerated at the Allendale Correctional Institution of the South Carolina Department of Corrections ("SCDC").  On July 30, 2007, Defendants filed a motion to dismiss or in the alternative for summary judgment.  Plaintiff, because he is proceeding pro se, was advised on August 2, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint.  On August 1, 2007, Plaintiff filed a pleading titled "Motion for Summery [sic] Judgement or in the Alternative Brief on the Complaint."  Defendants did not file a response to Plaintiff's motion.  Plaintiff filed a response in opposition to Defendants' motion to dismiss on September 10, 2007.

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC.  Because these are dispositive motions, this report and recommendation is entered for review by the court.

1

DISCUSSION

Plaintiff alleges that Defendants violated his First Amendment rights because he was denied access to reading materials. He claims that his access to the courts was obstructed because the jail blocked him from obtaining legal research sent to him by persons outside the jail and he was denied magazines and books sent to him from publishers. Plaintiff requests to be allowed to receive legal research, papers, and "effects" from any source; to be allowed books and magazines from book clubs, book stores, and publishers; to have no limit on the number of subscriptions or books he can receive; and to be provided with a law library. Additionally, Plaintiff requests monetary damages. Complaint at 5. Defendants contend that their motion to dismiss should be granted because Plaintiff failed to exhaust the remedies available to him prior to the filing of this action and his claims are moot as he is no longer incarcerated at the CCDC. Plaintiff, in his motion, appears to argue that he should be granted summary judgment based on exhibits attached to his complaint that show that he was denied access to the courts, was not allowed to receive magazine subscriptions, and had his mail censored and restricted. The majority of these exhibits, however, are just copies of Plaintiff's grievances, which merely show the grievances he alleged and the response of CCDC employees to the grievances.[2]

---

[2] Attached to Plaintiff's claim is a form addressed to his mother which appears to be a request that she renew her own subscription as well as a gift subscription to Plaintiff for "Reader's Digest." Plaintiff claims that this is "proof" that he was not allowed to receive this magazine. It is unclear from the form, however, whether the subscription was actually renewed. Further, nothing on the form shows that Defendants refused to allow Plaintiff to receive this magazine or that his constitutional rights were violated.

      1.      <u>Exhaustion of Administrative Remedies</u>

Defendants contend that this action should be dismissed because Plaintiff has not exhausted all of his available administrative remedies as to his underlying claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532.

This action should not be dismissed for failure to exhaust administrative remedies as Plaintiff exhausted his available administrative remedies at the CCDC. Plaintiff states that he filed a grievance concerning the matters complained of on July 14, 2005, and he received a final institutional (CCDC) determination of his grievance on July 15, 2005. Defendants appear to concede that Plaintiff exhausted his administrative remedies at the CCDC (Motion to Dismiss at 4).

Defendants contend, however, that Plaintiff has not exhausted his administrative remedies because he did not appeal the CCDC's decision to the South Carolina Administrative Law Court Division ("ALC").[3] The fact that the South Carolina Legislature made a court available to prisoners who wanted to appeal a final decision by a jail facility denying a grievance does not alter the federal PLRA by extending its administrative exhaustion requirements to include exhaustion in all state

---

[3] Defendants state that Plaintiff has not filed an appeal to the ALC, but have provided no records from the ALC or affidavits to show this.

3

judicial forums. In § 1983 matters,[4] Congress only intended that "administrative remedies" be satisfied. See e.g., Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)(exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court), cert. denied, 437 U.S. 949 (2002); Brown v. Evans Corr. Inst. Medical Staff, 2007 WL 1290359, at *4 (D.S.C. April 30, 2007).

    2.    Mootness

Defendants also contend that this action should be dismissed because Plaintiff's claims are moot, as Plaintiff is now an inmate at SCDC. Plaintiff's claims for declaratory and/or injunctive relief are moot, as he has been transferred from CCDC to SCDC custody. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)("[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."); Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir.1986)(holding that prisoner's transfer mooted a request for declaratory and injunctive relief). Cf. Powell v. McCormack, 395 U.S. 486, 496 (1969)("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987); Buie v. Jones, 717 F.2d 925, 927-929 (4th Cir.1983); Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Plaintiff, however, also asserts a claim for monetary damages, and monetary damages claims survive an inmate's transfer to another institution. See Williams v. Griffin, 952 F.2d at 823; Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (finding

---

[4] ALC review remains a necessary step in the exhaustion of state court remedies required in habeas matter. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 490-491 (1973); Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir. 1997)("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.").

that transfer to another jail did not moot damages claim for a suit filed pursuant to § 1915(g)); Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976).

## MOTION FOR PRELIMINARY INJUNCTION

On June 28, 2007, Plaintiff filed a pleading titled "Motion for Emergency Injunction (Temporary or Interlocutory)." He claims that Defendants are obstructing his right to communicate and receive legal help from his mother. Specifically, he claims that he needs an injunction to allow him to receive books from a book store, publisher, and a book club.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c) the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo

pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

It is recommended that Plaintiff's motion for an emergency injunction be denied. As Plaintiff is no longer detained at the CCDC, his claims for injunctive relief are moot.

CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss (Doc. 23) be granted as to Plaintiff's claims for injunctive relief and be denied as to Plaintiff's claims for monetary damages. It is also recommended that Plaintiff's motion for summary judgment (Doc. 25) be denied and that Plaintiff's motion for a preliminary injunction (Doc. 17) be denied.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

December 11, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7